IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VII PEAKS CAPITAL LLC, | No. C-14-4426 MMC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S "MOTION TO PROCEED FOR JURY TRIAL"** |
| v. | |
| MICHAEL MATTHEW JARMAN, | |
| Defendant. | |

Before the Court is defendant Michael Matthew Jarman's "Motion to Proceed for Jury Trial," filed April 24, 2015, by which motion defendant requests the above-titled case proceed to "case discovery" and, thereafter, "go to a jury trial." (See Mot. at 2.) Plaintiff has not filed a response thereto.

On April 14, 2015, plaintiff filed a request to enter defendant's default, in which filing plaintiff established defendant had failed to appear or otherwise respond to the complaint within twenty-one days of the date of service of the summons and complaint. On April 15, 2015, the Clerk of Court entered defendant's default.[1]

The effect of the entry of defendant's default is that "the factual allegations of the complaint, except those relating to damages, [are] taken as true." See Geddes v. United

---

[1] Defendant has not moved to set aside the default, see Fed. R. Civ. P. 55(c), much less obtained relief therefrom.

1  Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).  With respect to the amount of
2  damages, if any, to which plaintiff is entitled, the Court will consider the matter upon
3  plaintiff's filing of a motion for default judgment.  See Fed. R. Civ. P. 55(b)(2).  Although
4  defendant is entitled to file a response to such motion, see id.,[2] neither party is entitled to a
5  jury trial on the issue of damages.  See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414
6  (9th Cir. 1990).

7        Accordingly, to the extent defendant's motion seeks discovery on the issue of liability
8  and a jury trial, the motion is hereby DENIED.  To the extent the motion may be seeking
9  discovery on the issue of damages, the motion is hereby DENIED, without prejudice to
10 defendant's specifying, in a response to any motion for default judgment, the particular
11 discovery he seeks and the need therefor.  See, e.g., Clague v. Bednarski, 105 F.R.D. 552
12 (E.D. N.Y. 1985) (granting defaulting defendant leave to take certain discovery as to
13 damages prior to district court's considering plaintiff's motion for default judgment, where
14 defendant specified particular discovery he needed).

15     **IT IS SO ORDERED.**

17 Dated:  May 7, 2015

_____
MAXINE M. CHESNEY
United States District Judge

---

25 [2]Under the Civil Local Rules of this District, all motions, including a motion for default judgment, must be served on the opposing party no later than 35 days prior to the date of the noticed hearing, see Civil L.R. 7-2(a), and the opposing party must file with the Clerk of Court and serve on the moving party any response to the motion no later than 17 days after the motion is filed, if the motion was served by mail, or no later than 14 days after the motion is filed, if the motion was electronically served, see Civil L.R. 7-3(a).

2