IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VII PEAKS CAPITAL LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL MATTHEW JARMAN,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. C-14-4426 MMC<br><br>**ORDER GRANTING IN PART AND DEFERRING RULING IN PART ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; SETTING FURTHER BRIEFING SCHEDULE; VACATING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

　　　　　Before the Court is plaintiff VII Peaks Capital LLC's Motion for Entry of Default Judgment, filed August 10, 2015. Defendant Michael Matthew Jarman has not filed opposition thereto.[1] Having read and considered the papers filed in support of the motion, the Court hereby VACATES the hearing, currently scheduled for September 18, 2015, and, as discussed below, will afford plaintiff leave to supplement the motion.

　　　　　Where, as here, the Clerk of Court has entered a defendant's default, the district court may grant a default judgment. See Fed. R. Civ. P. 55(b)(2). When considering a motion for default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true" by the district court. See Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (internal quotation and citation

---

　　　　　[1] As the motion was served on defendant by mail on August 10, 2015, any opposition was due no later than August 27, 2015. See Civil L.R. 7-3(a).

omitted).  The Court considers whether, assuming the factual allegations in the complaint are true, plaintiff has shown it is entitled to damages.

**A.  Fraud/Negligent Misrepresentation Claims**

In its complaint, plaintiff alleges that during "discussions" with defendant about "creat[ing] a new technology company" (see Compl. ¶ 7), defendant stated "there was nothing in his background that would be of concern to [plaintiff]" (see id. ¶ 8), and that, in reliance thereon and at defendant's request, plaintiff paid $23,000 to Connecting the Globe, LLC ("CTG") (see id. ¶¶ 11, 31, 37), a company "associated with" defendant (see id. ¶ 6). Plaintiff also alleges it later learned that plaintiff had "suppressed facts about his past interactions with law enforcement, arrest history and criminal conviction" (see id. ¶¶ 30, 35) and that it would not have paid the $23,000 to CTG had it known the true facts about defendant's background (see id. ¶¶ 32, 34).  Based of said allegations, which, as noted above, the Court assumes true, plaintiff asserts claims for fraud and negligent misrepresentation.

In support of its claim for damages, plaintiff submits the declaration of its principal, Gurpreet Chandhoke ("Chandhoke"), who states plaintiff paid CTG the total sum of $23,000 (see Chandhoke Decl. ¶ 8), which statement is supported by bank documents indicating the total sum of $23,000 was transferred from an account held by plaintiff to an account held by CTG (see id. Ex. 1).

The Court finds plaintiff has submitted sufficient evidence to show it was damaged in the amount of $23,000 as a result of the misleading statements made by defendant, and, consequently, will award plaintiff the sum of $23,000.

**B.  Defamation**

In its complaint, plaintiff alleges that after it notified defendant "it had decided against working with him" (see Compl. ¶ 12), defendant posted "statements on internet message boards" (see Compl. ¶ 21) that "falsely impl[ied] [plaintiff] lied to [d]efendant about its own assets and investing in a company he allegedly owned" and that defendant

//

1  "unethically hired employees" (see Compl. ¶ 24).[2]  Based on said allegations, which are
2  assumed true, plaintiff asserts a claim for defamation.

3        Plaintiff argues it is entitled to an award of $10,000,000 in damages, relying on the
4  declaration of Chandhoke, who states he is "convinced potential investors are aware of
5  [d]efendant's false statements about [plaintiff] and decided to conduct business elsewhere,"
6  and that he "believe[s] [d]efendants' false statements about [plaintiff] have caused [plaintiff]
7  to lose at least $10 million in revenue."  (See Chandhoke Decl. ¶ 14.)  The sole explanation
8  for his belief is that "existing and potential clients," after having learned of the above-
9  referenced statements made by defendant, have "question[ed] whether they should do
10 business with [plaintiff]."  (See id. ¶ 13.)  As "example[s]," Chandhoke provides an email
11 sent to plaintiff by a "potential client," who stated he wished to "revisit [his company's]
12 strategy around [plaintiff]" after reading defendant's internet postings (see id. ¶ 13, Ex. 5),
13 and an email in which "an investor" advised Chandhoke that a "potential investor" had
14 learned of defendant's internet posting and then "ask[ed] [the investor] how [he] got
15 comfortable working with [plaintiff]" (see id. ¶ 13, Ex. 6).  As plaintiff knows the identity of
16 both the "potential client" and "potential investor" referenced in the emails,[3] and Chandhoke
17 does not state that either declined to invest or otherwise work with plaintiff, it would appear
18 that defendant's statements did not cause plaintiff to incur business losses with respect to
19 the only examples identified by Chandhoke.  Although the examples might suggest other
20 potential investors became aware of defendant's statements, the Court finds it
21 inappropriate, on this limited record, to infer therefrom that plaintiff has lost $10,000,000, or
22 any amount, as a result of defendant's statements.

23       At this conjuncture, however, rather than deny relief on the defamation claim, the
24 Court will afford plaintiff the opportunity to supplement its showing, if it can do so, to

---

[2] The statements are alleged to have appeared on "an internet message board named Scamorg" and are quoted in the complaint.  (See Compl. ¶ 13.)

[3] Plaintiff filed redacted versions of the emails, in which the names of the senders, as well as what appears to be other identifying information, has been deleted.

demonstrate it is entitled to an award of damages thereon.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS in part and DEFERS ruling in part on plaintiff's motion for default judgment, as follows:

1. To the extent plaintiff's motion seeks default judgment in its favor on its claims for fraud and negligent misrepresentation, the motion is GRANTED, and the Court finds plaintiff is entitled to judgment in the amount of $23,000.

2. To the extent plaintiff's motion seeks default judgment in its favor on its claim for defamation, the Court DEFERS ruling thereon, and affords plaintiff leave to file and serve, no later than October 9, 2015, a supplement to its motion, for the purpose of supporting its assertion that it is entitled to an additional award of damages.

3. In the event plaintiff does not file a supplement, the Court will direct the Clerk of Court to enter judgment in favor of plaintiff in the amount of $23,000.

4. In the event plaintiff files a supplement, defendant, no later than October 26, 2015, shall file and serve any opposition, limited to a response to the content of the supplement; unless the parties are otherwise advised, the Court will take the deferred portion of the motion under submission as of that date.

5. In light of the above, the Case Management Conference is hereby CONTINUED from October 9, 2015, to December 11, 2015, at 10:30 a.m. A Case Management Conference Statement shall be filed no later than December 4, 2015.

**IT IS SO ORDERED.**

Dated: September 15, 2015

MAXINE M. CHESNEY
United States District Judge